**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


**JIMMY J. HOLT,**

                 **Petitioner,**

**vs.**                                         **No. CIV-09-834 MV/WDS**

**ERASMO BRAVO, Warden,
and GARY K. KING,
Attorney General for the
State of New Mexico,**

                 **Respondents.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
<u>AND RECOMMENDED DISPOSITION</u>**

     **THIS MATTER** comes before the Court on Petitioner Jimmy J. Holt's ("Petitioner")

Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody filed

August 28, 2009 [Doc. No. 1], Erasmo Bravo, Warden, and Gary K. King, Attorney General for the

State of New Mexico's ("Respondents") Answer with accompanying Exhibits filed November 2,

2009 [Doc. No. 9], and Petitioner's Reply filed November 6, 2009 [Doc. No. 10]; Petitioner's

Motion for Summary Judgment with Memorandum in Support filed February 19, 2010 [Doc. Nos.

12,13], Petitioner's Notification of Introduction of Sworn Affidavits and Exhibits filed April 28,

2010 [Doc. No.21], Respondents' Response to Petitioner's Motion for Summary Judgment and

Request to Dismiss Petition with Prejudice filed May 28, 2010 [Doc. No. 22], and Petitioner's Reply

filed June 8, 2010 [Doc. No. 23]; Petitioner's Request for Emergency Hearing by Telephone

Conference Local Rules of Civil Procedure 7.6 Oral Argument (B) and Request for Missing

Affidavits to be Produced before Hearing filed June 11, 2010 [Doc. No. 24], Respondents' Objection

to Petitioner's Request for Emergency Hearing by Telephone Conference and Other Relief filed

June 14, 2010 [Doc. No. 25], and Petitioner's Reply filed June 28, 2010 [Doc. No. 26]. Having reviewed the Petition, the Answer and accompanying Exhibits, and the Reply; Petitioner's Motion for Summary Judgment and Notification of Introduction of Sworn Affidavits and Exhibits, the Response and Request to Dismiss Petition with Prejudice, and the Reply; Petitioner's Request for Emergency Hearing and Other Relief, the Objection, and the Reply, this Court recommends that Petitioner's Motion for Summary Judgment be denied, that Petitioner's Request for Emergency Hearing and Other Relief be denied, that Respondent's Motion to Dismiss be granted and that the Petition for Writ of Habeas Corpus be denied on the merits and dismissed with prejudice.

## CLAIMS

As grounds for federal habeas review, Petitioner appears to raise the following four claims: ineffective assistance of counsel resulting in an involuntary plea; denial of confrontation at the probation revocation hearing; illegal participation by the state district court judge in the plea discussions in violation of NMRA Rule 5-304, Federal Rule 11 Criminal Code Rules, and the Fourteenth Amendment; and violation of the time limits set in Rule 5-805 in violation of NMRA Rule 5-805 and the due process clause of the Sixth and Fourteenth Amendments. Respondents admit that Petitioner has exhausted these four claims in state court. [Doc. No. 9].

## FACTUAL AND PROCEDURAL BACKGROUND FINDINGS

Petitioner is in custody of Respondent Erasmo Bravo, Warden, pursuant to a Judgment, Partially Suspended Sentence and Commitment, filed March 21, 2007, and an Order and Commitment to Department of Corrections filed January 20, 2009 in the Second Judicial District Court, Bernalillo County Cause No. CR-2005-5490. [Doc. No. 9, Exh. A and B]. For purposes of the "in custody" requirement of 28 U.S.C. §2254, Petitioner was in custody at the time of the filing of the Petition on August 28, 2009 and remained in custody as of November 2, 2009, the date of the

filing of the Answer. [Doc. No. 9].

On October 13, 2006, Petitioner entered a plea of guilty in open court in Bernalillo County Cause No. CR-2005-5490. [RP 736-740]. The plea agreement was signed by counsel for the State on October 18, 2006, signed by stand-by counsel, John McCall, on December 7, 2006, and signed by Petitioner on March 7, 2007. [RP 190]].  Under the plea agreement, Petitioner plead guilty to Count 1, Trafficking (By Distribution) (Cocaine), a second-degree felony.  Counts 2, 3, and 4 were dismissed.

On March 21, 2007, Petitioner was sentenced to a term of nine (9) years, with five (5) years suspended by the state district court; credit for time served in the amount of eight hundred and two (802) days and the remainder of the sentence suspended.  Petitioner was placed on probation for five (5) years, three (3) years to be supervised and two (2) years unsupervised, and was to abide by the standard conditions of the probation agreement including the STEPS program. [RP 193].

Petitioner signed an Order of Probation on July 2, 2007, in which he agreed, *inter alia*, "to not associate with any person identified by my Probation/Parole Officer as being detrimental to my Probation supervision, which may include persons having a criminal record, other probationers and parolees, and victims or witnesses of my crime or crimes." [RP 196].

On May 19, 2008, Petitioner was arrested on new charges of Trafficking a Controlled Substance (Crack Cocaine) and Conspiracy.  A motion to revoke probation was filed on May 29, 2008. [RP 210-211]. Petitioner's probation was revoked on the technical violation of Petitioner's associating with a felon on probation [Tr. of 9-16-08 hearing at pp. 30-31], and on January 20, 2009, Petitioner was sentenced to serve the remainder of the term in the New Mexico Department of Corrections. [RP 444].

Petitioner filed a Petition for Writ of Habeas Corpus in the Second Judicial District Court

3

on January 7, 2009, which was summarily dismissed on February 5, 2009. [RP 369, 489]]. Petitioner filed a Second Application for Petition for Writ of Habeas Corpus in the Second Judicial District Court on March 2, 2009, which was dismissed on May 22, 2009. [RP 539, 781]. Petitioner filed a Motion Requesting the Court to enter Findings of Fact and Conclusion of Law on June 11, 2009, which was denied on June 15, 2009. [RP 782, 790]. On August 28, 2009, Petitioner filed his federal Petition for a Writ of Habeas Corpus. [Doc. No. 1].

## STANDARD OF REVIEW

Because Petitioner is in custody pursuant to the judgment of a state court, the provisions of 28 U.S.C. §2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), govern this case.  Under AEDPA, relief shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the petitioner can establish that the State court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. §2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2).

A state court decision is "contrary to" clearly established federal law if it "arrives at a conclusion opposite to that reached by the Supreme Court on a question of law" or "decides a case differently than the Court has on a set of materially indistinguishable facts." *Young v. Sirmons*, 486 F.3d 655, 662-63 (10th Cir. 2007), *cert. denied,* 128 S.Ct. 1269 (2008) (quoting *Torres v. Lytle*, 461 F.3d 1303, 1311 (10th Cir. 2006)).

A state court decision is an "unreasonable application" of federal law if it "identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quoting *Torres,* 461 F.3d at 1311). "[A] federal

habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Penry v. Johnson*, 532 U.S. 782, 793 (2001) (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)).   Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application was also objectively unreasonable.  *Id*.  In evaluating whether the state court's application of the law was reasonable, federal habeas courts may consider the decisions of the inferior federal courts. *Matteo v. Superintendent, SCO Albion*, 171 F.3d 877, 890 (3rd Cir. 1999) (citing *O'Brien v. Dubois,* 145 F.3d 16, 25 (1st Cir. 1998)).

If a state court resolves issues in a summary disposition with little or no legal reasoning, a federal habeas corpus still owes deference to the result.  *Paine v. Massie*, 339 F.3d 1194, 1198 (10th Cir. 2003).

Petitioner's Claims

Claim One: Ineffective Assistance of Counsel Causing an Involuntary Plea

In his Petition and  Motion for Summary Judgment with Affidavits, Petitioner claims that the written plea agreement signed by him on March 7, 2007 did not reflect his understanding of his plea. [Doc. Nos. 1, 12, 13, 21]. Petitioner claims that during plea discussions during a recess in the October 13, 2006 hearing, he asked that credit for the 802 days for time served be given toward his probation and that his counsel responded that was the way it works. [Doc. No. 1, p. 8].  In his Affidavit dated April 26, 2010, Petitioner alleges that subsequent to the October 13, 2006 hearing, his attorney promised him that the 802 days presentence confinement time would go toward his probation. [Doc. No. 21, p. 8].  Petitioner alleges that contrary to his understanding, the district court judge credited the 802 days to Petitioner's sentence and not his probation. [RP 740]. Petitioner further claims that he was forced to sign the plea agreement under duress because his attorney told

him that the district attorney and the Judge said that "if you don't sign this plea they will have a warrant issued for your arrest." [Doc. No. 1, pp. 9-10].  Petitioner contends that an attorney with normal customary skills would not force or suggest that his client waive his right to trial and other procedural safeguards without a written agreement. [Doc. No. 1, p. 10] The Petitioner states that "the failure of due process at this point in a criminal proceeding is rectified by allowing a guilty plea to be withdrawn." [Doc. No. 1, p. 11].

<u>Law</u>

The Due Process Clause of the Fourteenth Amendment requires that a defendant's plea of guilty be entered intelligently and voluntarily.  *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Under clearly established United States Supreme Court precedent, the test for determining the validity of a guilty plea is "whether the plea  represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).  During a plea hearing, representations made by the defendant, his lawyer, and the prosecutor, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977).

The controlling United States Supreme Court decision for the claim of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). Where the basis for challenging a plea as involuntary rests on a claim of ineffective assistance of counsel, as in this case, a modified version of the *Strickland* standard applies.  That is, a habeas petitioner must first establish that counsel's conduct was objectively unreasonable and, second, to establish prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded

guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *United States v. Salazar*, 323 F.3d 852, 857 (10th Cir. 2003). Because the test is two-pronged, if either prong is not met, it is unnecessary to discuss the other. *See Hill*, 474 U.S. at 60.

In attempting to establish that counsel's representation was "objectively unreasonable," Plaintiff must show that counsel's conduct was "completely unreasonable, not merely wrong." *Moore v. Gibson*, 195 F.3d 1152, 1178 (10th Cir. 1999). "Petitioner must overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 688-689. *See Bullock v. Carver*, 297 F.3d 1036, 1046-1047 (10th Cir.) (discussing strong presumption of reasonableness). The Court must consider all of the circumstances, making every effort to "eliminate the distorting effects of hindsight," and to "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

Petitioner must also demonstrate that he was prejudiced as a result of his counsel's deficient performance. As discussed *supra*, Petitioner must show that there is a reasonable probability that, but for the counsel's errors, "he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 559. A petitioner's mere assertion that he would have opted for trial is not enough to satisfy the prejudice prong. *United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002). Rather, the Court looks "to the factual circumstances surrounding the plea to determine whether [petitioner] would have proceeded to trial." *Id.* (citation omitted).

Discussion

Petitioner's contention that his counsel was ineffective causing an involuntary plea fails because Petitioner did not establish that his counsel's conduct was objectively unreasonable or that prejudice existed and because Petitioner did not establish that his plea was involuntary. As discussed below, Petitioner's conclusory allegations that his plea was coerced or involuntary and that his

attorney promised him that the 802 days would go toward his probation time are insufficient to overcome the statements made by him and others during the plea hearing and to overcome statements agreed to by Petitioner in the Plea and Disposition Agreement.

Petitioner appeared before the state district court judge at the hearing of October 13, 2006 in which the Petitioner verbally plead to one count of trafficking with no agreement as to sentence. [RP 736]. Upon questioning, Petitioner represented to the Court that he understood his plea; that he understood that he had the right to plead not guilty; that he was giving up his right to have a trial, to present a defense, to cross-examine witnesses; that no one was forcing him to change his plea; that no promises were made other than those on the record; that he discussed his plea with his attorney and was satisfied with his attorney's advice; that there was nothing that would prevent him from understanding the contents of the plea; that he was aware of the penalties; and that he understood that if he was placed on probation and he violated his probation, he could be placed in custody for the remaining period of time. [RP 736-739]. The Court accepted Petitioner's plea finding that it was voluntarily entered into, knowingly, and intelligently made. [RP 739].  The Court then sentenced Petitioner to a term of nine years, with five years suspended; credit for time served in the amount of 802 days, and the remainder of the sentence suspended.  Petitioner was placed on probation for five years, three years to be supervised and two years unsupervised, and was placed on the STEPS program. [RP 740].

The following colloquy which occurred at the October 13, 2006 hearing is particularly relevant to show that Petitioner understood the plea and understood that the 802 days would be credited to his sentence and not to his probation:

> THE COURT: ...There will be nine years imposed, I'll suspend all except what Mr. Holt has served in custody up to this point.  Upon release he's to be placed on five years of probation.  The first three years shall be supervised, the second two shall be

unsupervised....

THE DEFENDANT: Okay, can he say that again?  They're going to suspend and give me nine, suspend - -

MR. McCALL: He's going to suspend what we have determined is the pre-sentence confinement time, give you credit for 802 days.

THE DEFENDANT: He's going to give me nine and suspend - -

MR. McCALL: And suspend five.

THE DEFENDANT: Suspend five and give me credit?

THE COURT: That's not what I said.  There's nine imposed, everything is suspended except for what he has served already.  Then there's the five years probation following that.

THE DEFENDANT: Okay, two years - - three years.

THE COURT: Three years supervised.

THE DEFENDANT: Two years unsupervised.

[RP 740-741].  This colloquy shows that Petitioner understood the plea and the sentence and also establishes that Mr. McCall, his attorney, advised him in open court that the 802 days were credited to his sentence and not his probation.

In addition, the Plea and Disposition Agreement which Petitioner signed provides in pertinent part: "SENTENCING AGREEMENT:  There is no agreement as to sentence." Furthermore, Petitioner made the following affirmation regarding his plea in the Plea and Disposition Agreement:

I have read and I understand this agreement....I have discussed the case and my constitutional rights with my lawyer.  I understand that when I plead guilty I give up the following rights: my right to a trial by jury, my right to confront, cross-examine, and compel the attendance of witnesses, and my privilege against self-incrimination. I agree to enter my plea according to the terms and conditions set forth in this agreement. [RP 191].

In *Laycock v. State of New Mexico,* 880 F.2d 1184 (10th Cir. 1989), Petitioner alleged that his counsel promised him that he would receive a suspended sentence if Delancey Street accepted him into its drug treatment program.  The Tenth Circuit held that the facts and circumstances surrounding the plea supported the district court's conclusion that counsel did not materially misrepresent the plea.  The Tenth Circuit noted that the alleged promise was not mentioned in the

9

written plea agreement, that the Petitioner answered "no" to the judge's question of whether other promises had been made to him, and that none of the participants mentioned the promise at the plea or sentencing hearing. *Id.* At 1186-1187.  As in *Laycock,* Petitioner in the present case stated to the district court judge that no promises were made to him, that the alleged promise that the 802 days would be applied to his probation was not mentioned in the written plea agreement, and no one mentioned the promise at the plea or sentencing hearing.  In fact, as discussed *supra,* in the hearing, Petitioner's counsel explained to the Petitioner on the record that the Judge was suspending the sentence by giving him credit for the 802 days. [RP 740].

Petitioner's conclusory allegations fail to establish his ineffective assistance of counsel claim because if any deficiency existed, it was obviated by the statements agreed to by Petitioner in the Plea and Disposition Agreement and by the exhaustive steps taken by the state district court to apprise Petitioner of the plea, of the consequences of his plea, of the sentence, and also by statements by Petitioner's counsel and by Petitioner's own statements.  *See e.g., Worthen v. Meachum,* 842 F.2d 1179 (10th Cir. 1988), *overruled on other grounds, Coleman v. Thompson,* 501 U.S. 722 (1991).

Finally, because the Petitioner alleges that the written plea agreement did not reflect his understanding of his plea, this Court compared the verbal plea made by Petitioner and the sentence imposed by the trial judge in open court on October 13, 2006 [RP 736] with the written plea agreement signed by Petitioner on March 7, 2007 [RP 190] and the Judgment, Partially Suspended Sentence and Commitment entered on March 21, 2007 [RP 193] to ensure that they are consistent. This Court finds no difference between what Petitioner agreed to in open court and what is provided in the plea agreement and finds no difference between the sentencing made in open court and that set out in the Judgment, Partially Suspended Sentence and Commitment. [*See* RP 190, 193].

10

Petitioner's argument that he was coerced into signing the plea agreement by his attorney because his attorney told him that the district attorney and the Judge said that "if you don't sign this plea they will have a warrant issued for your arrest" is equally without merit.  Although the plea agreement was signed by State's counsel on October 18, 2006 and by Petitioner's counsel on December 7, 2006, for reasons unclear to this Court, Petitioner did not sign the plea agreement until March 7, 2007. [RP 190]. If Petitioner's attorney told Petitioner that a warrant would be issued for his arrest if he didn't sign the plea agreement, that statement was more than likely true, and by making this statement, his attorney was not being objectively unreasonable.  In addition, as discussed *supra*, by signing the plea agreement, the Petitioner made the affirmation that he read and understood the agreement. [RP191].

Because Petitioner has not shown that his attorney's conduct was objectively unreasonable, he has failed to satisfy the first prong of the *Strickland* test.  Accordingly, it is unnecessary for the Court to reach the second prong regarding prejudice.  *See Hill,* 474 U.S. at 60.  However, this Court notes that other than stating in his Petition that "the failure of due process...is rectified by allowing a guilty plea to be withdrawn," Petitioner makes no showing that he would not have plead guilty and would have insisted on going to trial.  Accordingly, Petitioner also fails to meet the second prong of the *Strickland* test.

Petitioner has not met his burden to prove that the district court judge's conclusions were "contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. §2254(d)(1) or were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2).

For all of the foregoing reasons, this Court recommends that habeas corpus relief be denied on Petitioner's claim of ineffective assistance of counsel causing an involuntary plea.

Claim Two: Denial of Confrontation at Probation Revocation Hearing.

Petitioner claims that he was denied his right to confront Detective Eric Meek at his Probation Revocation Hearing on September 16, 2008. [Doc. No. 1, p. 11]. Petitioner contends that at the hearing, the probation officer read statements from a document that was allegedly prepared by Detective Meek and that these statements were contrary to statements made in the criminal complaint prepared by Detective Meek. Petitioner alleges that in the criminal complaint, Detective Meek stated that "he witnessed Jimmy Holt place his hand in the suspect's and walk off. Ms. Miller the suspect then hands him two twenty dollar crack rocks, he in return hands Ms. Miller two twenty dollar bill." [Doc. No. 11]. Petitioner then alleges that statements the probation officer read at the hearing provide that "Detective Meek . . . witnessed Jimmy Holt hand suspect Sandra Miller a ten (10) piece of crack cocaine, Ms. Miller in return hands Jimmy Holt a ten." [*Id.*]. Detective Meek did not testify at Petitioner's probation revocation hearing; however, Petitioner claims that he should have been able to confront the Detective regarding the inconsistencies alleged above. Respondents argue that Petitioner has no right to confrontation at a probation revocation hearing and that Petitioner misinterprets the scope and application of the Sixth Amendment right of confrontation. [Doc. No. 22, p. 10].

The law is clear that a probationer has the right to cross-examine adverse witnesses in a probation revocation hearing unless the hearing body finds good cause for not allowing confrontation. *Black v. Romano,* 471 U.S. 606, 612 (1985) (citations omitted). In the present case, because Detective Meek did not testify at the revocation hearing, Petitioner could not cross-examine him. However, even assuming Petitioner had a right to examine the Detective, this Court finds that the alleged conflict in the Detective's statements is irrelevant to the district court's finding that a technical violation of probation occurred.

Petitioner signed a probation agreement which provided, *inter alia,* that he was not to associate with 'persons having a criminal record, other probationers and parolees..." [RP 196]. Petitioner's probation was revoked on the technical violation of associating with a felon on probation. [Tr. of 9-16-08 hearing at pp. 30-31].  The Judge specifically found that Petitioner violated his probation by associating with Ms. Sandra Miller, a felon on probation. [*Id.* at p. 31]. In the hearing, the Petitioner admitted that he knew Sandra Miller [*Id.* at p. 20]. In addition, Petitioner submitted to the Court a letter from a friend of his that knows Sandra Miller in which his friend states that she asked Sandra Miller, "Why didn't you tell him you were on probation?" Sandra Miller replied, "I don't tell anybody I'm on probation." [*Id.* at p. 27]. This letter shows that Petitioner associated with Ms. Miller. Finally, the police report submitted by Petitioner in the hearing indicated that Petitioner associated with Ms. Miller. [*Id.* at p. 25].

The above establishes that Petitioner has not met his burden to prove that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. §2254(d)(2), or was "based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. §2254(d)(2).  Accordingly, this Court recommends that habeas corpus relief be denied on Petitioner's second claim.

Petitioner's Claim No. 3: The District Court Judge Illegally Participated in Plea Discussions.

Petitioner claims that the district court judge illegally interjected himself into the plea bargain discussions by insisting that Petitioner become part of the STEPS program in violation of NMRA Rule 5-304, Federal Rule 11 Criminal Code Rules, and the Fourteenth Amendment right to fundamental fairness. [Doc. Nos. 1 and 5]. Petitioner states that had the Court not interjected itself into the plea discussions, Petitioner would never had accepted the STEPS program, probation nor the delay in signing the plea. [Doc. No. 5].

Plaintiff's argument fails to support a federal habeas claim. Petitioner alleges that the Judge's participation in the plea discussions violated NMRA Rule 5-304,[1] Federal Rule 11 Criminal Code Rules, and the Fourteenth Amendment right to fundamental fairness. Federal Rule 11 does not apply to Petitioner's case because Federal Rule 11does not govern state courts, and it cannot be a basis on which to challenge a plea in a state court criminal proceeding. *Miles v. Dorsey,* 61 F.3d 1459, 1467 (10th Cir. 1995) (Rule 11 does not apply in state courts.); *Warren v. Gartman,* 297 Fed. Appx. 767, 2008 WL 4697056 (10th Cir. (N.M.). Regarding Petitioner's contention that the judge's interjection into the discussion violated the Fourteenth Amendment, this Court finds that no cognizable federal constitutional claim is presented because Petitioner's claim predominately alleges a violation of state law, *i.e.,* NMRA Rule 5-304. *See generally Warren v. Gartman,* 297 Fed.Appx. 767, 2008 WL 4697056 (10th Cir. (NM)). Such allegations of violations of state law cannot be a proper basis for federal habeas relief. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.") (quotation omitted).

This Court notes, however, that even if Petitioner raised a proper basis for federal habeas relief, his argument still fails. If the state district court judge interjected himself into the discussions insisting that Petitioner take part in the STEPS program, such a requirement would have only to do with sentencing. The plea of guilty that Petitioner agreed to in open court and the Plea and

---

[1]NMRA Rule 5-304 states in pertinent part:
(1) In General. The attorney for the state and the attorney for the defendant or the defendant when acting *pro se* may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty, no contest or guilty but mentally ill to a charged offense or to a lesser or related offense, the attorney for the state will move for dismissal of other charges, or will recommend or not oppose the imposition of a particular sentence, or will do both. The court shall not participate in any such discussions. NMRA Rule 5-304A(1).

Disposition Agreement he signed specifically provide that no agreement existed regarding the sentence. [RP 739, 190]. Therefore, any alleged interjection by the judge regarding the STEPS program was harmless and irrelevant to the plea, and the judge was free to sentence Petitioner as he deemed appropriate. Accordingly, Petitioner's argument fails and Claim Three should be dismissed.

Claim Four: Time Limits of NMRA Rule 5-805 Were Violated.

Petitioner claims that time limits set forth in NMRA Rule 5-805 were not met in violation of both NMRA Rule 5-805 and the due process clause of the Sixth and Fourteenth Amendments.

As with Petitioner's third claim, this Court again finds that no cognizable federal constitutional claim is presented in Petitioner's fourth claim because Petitioner's claim predominately alleges a violation of state law, *i.e.,* NMRA Rule 5-805. *See generally Warren v. Gartman,* 297 Fed.Appx. 767, 2008 WL 4697056 (10th Cir. (NM)). Such allegations of violations of state law cannot be a proper basis for federal habeas relief. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.") (quotation omitted).

This Court notes, however, that even if a constitutional violation was properly alleged, the record reflects that no violations of NMRA Rule 5-805 occurred. NMRA Rule 5-805 specifically provides for extensions of time: "K. Extensions of Time. Extensions of time for commencement of a hearing on a motion to revoke probation may be granted..." In the State's Rule 5-805 Petition to Extend Time [Doc. No. 9 Exh. N], the state sets forth the history of the revocation of probation from the Motion to Revoke Probation filed May 29, 2008 through various hearings dated June 25, 2008, July 23, 2008, and August 19, 2008 to the Petition to Extend Time for the commencement of the hearing to November 25, 2008, which was agreed to by Petitioner in a Stipulation signed by Petitioner on August 19, 2008. *Id.* The hearing was held on September 16, 2008 [Tr. of hearing

15

dated September 16, 2008] and Petitioner was sentenced on December 10, 2008. [RP 367]. No violations of NMRA Rule 5-805 occurred.

Petitioner's argument fails and, accordingly, this Court recommends that habeas corpus relief be denied on Petitioner's fourth claim.

## RECOMMENDED DISPOSITION

For the foregoing reasons, this Court recommends that Petitioner's Motion for Summary Judgment be denied as there is no issue of material fact for trial, that Petitioner's Request for Emergency Hearing and Other Relief be denied because the relief Petitioner requested is unnecessary for the disposition of this case, that Respondent's Motion to Dismiss be granted and the Petition for Writ of Habeas Corpus be denied on the merits and dismissed with prejudice.

## <u>NOTIFICATION</u>

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. §636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**

16